# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ADRIAN D. MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08CV280 |
| | ) | |
| A. CASH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motion to Add Defendant(s) and Claims for Relief (Docket Entry 151) and Plaintiff's Certificate of Confidentiality Request to File under Seal (Docket Entry 159). For the reasons that follow, the Court will deny both of Plaintiff's instant Motions.

## BACKGROUND

On April 22, 2008, this case began with Plaintiff's filing of a pro se Complaint. (Docket Entry 2.) In the early months of the litigation, Plaintiff filed two different Motions to Amend (Docket Entries 7 and 14), an Amended Complaint (Docket Entry 11), and a Motion for Substitution of Parties (Docket Entry 13), all of which the Court (per United States Magistrate Judge P. Trevor Sharp) allowed (Docket Entries 17 and 19). On January 6, 2009, Plaintiff filed a Statement of Readiness to Proceed in which he declared that he was "prepared to proceed on the original Complaint; Docket No:

2 and the Amended Complaint Docket No: 11 & 13, which are addendums to the original Complaint." (Docket Entry 18 at 1.)

On February 24, 2009, Plaintiff filed a Motion to Clarify and Add Defendants. (Docket Entry 33.) On March 24 and April 9, 2009, Plaintiff twice more sought amendment of his pleadings. (Docket Entries 42 and 50.) On May 4, 2009, the Court (per Magistrate Judge Sharp) denied the three immediately foregoing requests by Plaintiff and entered the following Order:

> [T]he case is at a virtual standstill and has not progressed toward resolution. Review of the file convinces the Court that the fault for the lack of progress lies exclusively with pro se Plaintiff Adrian Murray. His recurrent requests for "amendments" and "supplements" or "clarifications" have caused the case to lack any focus or direction whatsoever.
>
> In order to attempt to manage the case toward resolution, the Court ORDERS that within 30 days of this order Plaintiff shall file a self-contained statement of "complaint," limited in length to 10 pages and in scope to the allegations he included in prior complaints and amended complaints identified in this case as docket numbers 2, 7, 13, and 14. He may not simply cite to prior pleadings; instead, in one document he is required to state his claims . . . .

(Docket Entry 58 at 1-2 (internal citation and footnote omitted).)

On May 6, 2009, Plaintiff filed a Formal Amendment Complaint. (Docket Entries 61, 61-2, 61-3, 61-4, 61-5, 61-6, 61-7, and 61-8.) On June 10, 2009, Plaintiff filed a Statement of Complaint. (Docket Entry 70.) On August 14, 2009, Plaintiff moved to dismiss a Defendant (Charles Wyatt). (Docket Entry 84.) On September 9,

2009, Plaintiff reversed his position in that regard and requested reinstatement of Wyatt as a Defendant (Docket Entry 87), only to withdraw that reversal a day later (Docket Entry 88). On September 11, 2009, Plaintiff moved to dismiss a different Defendant. (Docket Entry 89.) On September 23, 2009, Plaintiff sought to alter the list of Defendants again. (Docket Entry 95.) On September 24, 2009, Plaintiff again sought to reinstate his claims against Wyatt. (Docket Entry 102.) The Court (per Magistrate Judge Sharp) resolved all those matters by Order dated November 19, 2009. (Docket Entry 111.)

On August 23, 2010, the Court (per Chief Judge James A. Beaty, Jr.) dismissed all of Plaintiff's claims except one claim against one Defendant (A. Cash). (Docket Entry 134.) The Court (per Magistrate Judge Sharp) thereafter established a Scheduling Order that allowed discovery through July 15, 2011. (Docket Entry 142.) During (but near the close of) that discovery period, Defendant Cash sought an extension of time to respond to certain discovery requests made by Plaintiff (Docket Entry 143), which the Court (per Magistrate Judge Sharp) granted (Docket Entry 150). The Court (per Magistrate Judge Sharp), however, declined Plaintiff's request to extend the time for submitting additional discovery requests. (Docket Entries 144 and 153.)

In that Order, Magistrate Judge Sharp also stayed this case

pending resolution of an appeal in a parallel state proceeding. (Docket Entry 153.) Shortly before entry of that stay, Plaintiff filed his instant Motion to Add Defendant(s) and Claims for Relief (Docket Entry 151), which Defendant Cash has opposed (Docket Entry 152). In addition, Plaintiff objected to Magistrate Judge Sharp's Order staying the case. (Docket Entry 155.) Defendant Cash timely responded in opposition to that Objection. (Docket Entry 156.) Plaintiff then filed a Reply Brief in Reference to Plaintiff's Objections to Magistrate Judges [sic] Stay Order (Docket Entry 158), to which he attached various exhibits (id. at 14-60). At the same time, Plaintiff filed his instant Certificate of Confidentiality Request to File under Seal (Docket Entry 159), along with another set of the same exhibits (Docket Entry 160).

DISCUSSION

Given the case's procedural posture, Plaintiff may "amend [his] pleading only with the opposing party's written consent or the [C]ourt's leave." Fed. R. Civ. P. 15(a)(2). The applicable Rule further directs that "[t]he [C]ourt should freely give leave when justice so requires." Id. Under this standard, the Court has some discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons to deny leave to amend a pleading include "undue delay, bad

4

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment," id.; accord Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile.").[1]

In opposing Plaintiff's instant Motion to Add Defendant(s) and Claims for Relief, Defendant Cash pointed out (consistent with the course of events set out above in the Background section) that Plaintiff has repeatedly attempted to alter his pleadings over the course of years. (Docket Entry 152 at 4-5.) In addition, Defendant Cash noted that Plaintiff has not provided the Court with a copy of his proposed new pleading and that Plaintiff's proffered alteration of his pleading appears to reflect an attempt to avoid the possible preclusive effect on his existing federal claim of an

---

[1] In addition, "[o]n motion and reasonable notice, the [C]ourt may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Court applies the same standard to a motion brought under Federal Rule of Civil Procedure 15(d), as to a motion brought under Federal Rule of Civil Procedure 15(a). See Franks v. Ross, 313 F.3d 184, 198 & n.15 (4th Cir. 2002); Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 644 (M.D.N.C. 2004) (recommendation of Dixon, M.J., adopted by Beaty, J.). It thus matters not whether Plaintiff's instant Motion proposes to amend or to supplement his pleadings.

5

adverse ruling in his parallel state litigation. (Id. at 5-6.) Neither Plaintiff's instant Motion to Add Defendant(s) and Claims for Relief (Docket Entry 151) nor his Reply Brief (Docket Entry 154) offer any meaningful argument to counter Defendant Cash's well-supported position that the events described above and evident in the Docket of this case warrant denial of Plaintiff's request to add defendants and claims (see Docket Entry 152 at 4-6).[2]

Under these circumstances, the Court concludes that allowing Plaintiff's ambiguous proposal to add defendants and claims at this belated stage of this litigation (i.e., after four years during which Plaintiff's persistent, fitful efforts to alter his pleadings have unnecessarily extended the course of the proceedings, after the Court has dismissed all but one of Plaintiff's claims despite his many prior amendments and/or attempted amendments, and after – with but one narrow exception – discovery has ended) would ill-serve the interests of justice. More specifically, such action would reward (and would cause additional) undue delay, would ignore obvious signs of bad faith and dilatory action (as well as repeated failures to cure deficient pleadings) by Plaintiff, and would cause undue prejudice to Defendant Cash. The Court thus will deny

---

[2] Instead, Plaintiff devotes his filings to arguing that the newly-proposed claims are viable (i.e., would not fail as futile). (See Docket Entries 151 and 154.) Given the nature of the disposition that follows, no need exists to explore that issue.

Plaintiff's Motion to Add Defendant(s) and Claims for Relief.[3]

As a final matter, the Court also will reject Plaintiff's instant request that the Court seal certain exhibits, because no basis exists for the filing of said exhibits in the first place. Simply put, Plaintiff filed the exhibits as to which he seeks sealing in connection with his Reply Brief in Reference to Plaintiff's Objections to Magistrate Judges [sic] Stay Order (Docket Entry 158), but the Federal Rules of Civil Procedure do not allow a reply in this context, see Maxwell v. Barney, No. 2:06CV840, 2007 WL 2903558, at *1 (D. Utah Oct. 3, 2007) (unpublished); 26 Beverly Glen, LLC v. Wykoff Newberg Corp., No. No. 2:05CV862BES-GWF, 2007 WL 1560330, at *2 (D. Nev. May 24, 2007) (unpublished). Accordingly, the Court will strike the Reply Brief in question thus mooting Plaintiff's instant sealing request.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Add

---

[3] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation, on this matter. See also Everett v. Prison Health Servs., 412 Fed. Appx. 604, 605 & n.2 (4th Cir. 2011) ("Everett moved for leave to amend her complaint . . . to add Appellee Prison Health Services, Inc. ('PHS') as a defendant based on information obtained during discovery, and to add a state-law claim of medical malpractice against PHS. After a hearing, the magistrate judge denied Everett's motion. Everett timely objected, thereby preserving the issue for review by the district court. . . . [T]he district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.' Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A) (2006 & Supp. 2010).").

Defendant(s) and Claims for Relief (Docket Entry 151) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Reply Brief in Reference to Plaintiff's Objections to Magistrate Judges [sic] Stay Order (Docket Entry 158) and the related Sealed Documents (Docket Entry 160) are **STRICKEN** and that Plaintiff's Certificate of Confidentiality Request to File under Seal (Docket Entry 159) is **DENIED AS MOOT**. The Clerk shall render said Reply Brief (Docket Entry 158) and the related Sealed Documents (Docket Entry 160) inaccessible (save to the Court) both in paper and electronic form.

This the 1st day of May, 2012.

                                                /s/ L. Patrick Auld
                                                   **L. Patrick Auld**
                                     **United States Magistrate Judge**